UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCESSA JOHNSON AND MARLA JONES,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC., et al.,<br><br>Defendants. | No. 14 C 3862<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Francessa Johnson and Marla Jones ("Plaintiffs") filed a ten-count complaint against Defendants SunTrust Mortgage ("SunTrust"), the Federal National Mortgage Association ("Fannie Mae"), and the Mortgage Electronic Registration Systems ("MERS") ("Defendants"), alleging wrongful foreclosure (Count I), fraud (Counts II and III), intentional infliction of emotion distress (Count IV), slander of title and quiet title (Counts V and VI), declaratory relief (Count VII), and violations of RESPA and TILA/HOEPA (Counts VIII, IX, and X). Defendants move to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendants' motion is granted in its entirety.

In 2007, Johnson took a not-so-small mortgage loan (amounting to $417,000) from SunTrust to refinance some residential property. Johnson stopped paying on the loan before a full year under the mortgage had passed. Foreclosure was sought in court. Johnson seems not to have participated in the state court foreclosure litigation—at least there is no proof that she participated in the lawsuit in any way or knew of the case. While the foreclosure proceeding went on, Johnson quitclaimed her deed to Jones for the sum of ten dollars. Essentially Johnson would, if her move worked, discharge her debt and eventually recover the property. Jones, as the

owner of the property, might not be obligated to pay off the loan because Jones was never a party to the loan.

Jones is not a lawyer. Jones attempted to intervene in the state court foreclosure case by stating that she is "a free Sovereign American Citizen, defendant-in-error, with and claiming all unlimited, unalienable Constitutionally guaranteed Rights…and now gives Notice to the court." Whatever the source of this Judicial Notice, it did not save the day for Jones or Johnson. Foreclosure was ordered by the Circuit Court on February 11, 2013 by entry of an order of default. The property was sold to SunTrust on October 16, 2013, and the sale was approved in December. The judicial sale deed, dated January 13, 2014, conveyed the property to Fannie Mae.

In March 2014, Jones filed a complaint against SunTrust in this Court, which was dismissed on May 20, 2014. The present litigation filed by Jones, unlike the typical complaint that characterizes a simple foreclosure case, raises multiple causes of action.[1] The case at hand, however, is a repetition of the case I dismissed in May 2014.

The Rooker-Feldman Doctrine stops Jones from proceeding with any claim which could have been brought before the state court in the foreclosure case. Everything about the claims here was available to Plaintiffs in state court. Everything about the claims was obvious and inherent in state law—and particularly inherent in the facts of the loan transaction and the subsequent securitization. *See Fontana Empire Ctr. v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

---

[1] This complaint looks very much like a product that is sold to those who look for defense against foreclosure. The creators provide litigation documents and advice such as "Quiet Title Package." There is at least one attorney who provides a multi-page guide to laypersons who want a tool to fend off foreclosure. So far as I can tell, the makers of such documents are careful to advise their customers that the sellers will not serve as a lawyer in foreclosure or in foreclosure-related cases. The product they sell is a document that is intended to teach foreclosure law and suggest how it might be used to the client's benefit. The documents are not short.

The claims in Counts II, III, VIII, IX and X are sunk. Counts VII and IX are subject to a one-year statute of limitations and were filed more than six years after the clock started running. The Count X claim for rescission was barred sometime early in 2011.

The claims in Counts II and III are fraud complaints which have a long period of survival. The clock starts running from the time the claims were either discovered or could have been discovered through reasonable diligence. *See Peskin v. Deutsch*, 479 N.E. 1034, 1039 (Ill.App. 1985). The appropriate date of discovery is the date the Note was allegedly signed to Fannie Mae. These documents are available as public record. Chad Elrod, the lawyer who was not acting as a lawyer but as a guide through his fact investigation, stated in his affidavit that the limitations started to run on January 30, 2008. The statute of limitations expired a year-and-a-half before the complaint was filed.

Plaintiffs argue that when the Note was transferred to Fannie Mae, it was done improperly. But Plaintiffs have no standing to make this argument simply because the assignment was in conflict with the pooling and servicing agreement. Plaintiffs have no standing to challenge an assignment made between other parties. In the end, Defendants' interests in the property and its handling of the property are not to be challenged unless there is proof of wrongful foreclosure, and that path is not open because the Circuit Judge in state court found the foreclosure to be valid.

Marla Jones is not a lawyer and her purported representation of Johnson has no weight in these proceedings. Jones can represent herself as a *pro se* litigant, but cannot represent Johnson. *Navin v. Park Ridge School Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). Johnson, who has not signed the complaint or participated in the proceedings, is dismissed from this case.

Jones was not a significant player in the underlying transactions leading to the mortgage and its default; Johnson was the significant player at that stage. Jones was not a party to the loan nor was she present or a participant in statements made between Johnson and SunTrust. She has never been defrauded in this transaction. Her standing, if any, is based on a ten dollar quit claim deed which did not exist until more than two years after the loan was made and after SunTrust filed for foreclosure.[2]

The last issue I address is Maria Jones' claim that I should invoke the application of equitable tolling because both Jones and Johnson did learn of new causes of action. The Elrod affidavit, itself, recited the assignment of the mortgage to Fannie Mae and noted that these documents were available in the public record. There is no ground for claiming that extraordinary events beyond a litigant's control made it impossible to file timely.

Defendants' motion to dismiss the complaint is granted.

ENTER:

*James B. Zagel* (signature)

James B. Zagel
United States District Judge

DATE: July 6, 2015

---

[2] The fraud claim is conclusory and lacking in meaningful detail. Infliction of emotional distress is not present in this case. A normal person whose home is in danger of foreclosure would ordinarily feel distress but the act which causes this distress is not extreme and outrageous conduct. The slander of title and quiet title claims are irrelevant where, as here, Jones has no current interest in the property which someone else owns.